## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Case No. 1:25-cv-03393

TURNITIN, LLC, a California limited liability company

    Plaintiff,

vs.

TURNITIN, LLC, a Colorado limited liability company, and LIU WENHUI, a Colorado resident,

    Defendants.

## COMPLAINT

Plaintiff Turnitin, LLC, a California limited liability company ("Plaintiff" or "Turnitin"), by and through its undersigned counsel, states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for infringement of Turnitin's well-known and widely-known federally-registered trade mark and service mark under Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for substantially related claims for violations of Colorado's Consumer Protection Act and fraud. These claims arise from Defendant Turnitin LLC's ("TLLC") and Liu Wenhui ("Wenhui", collectively, "Defendants") unauthorized use of the Turnitin Mark, as defined *infra* in connection with the unauthorized registration of TLLC with the Colorado Secretary of State.

2. Plaintiff seeks injunctive and monetary relief.

## PARTIES AND JURISDICTION

3. Plaintiff is a California limited liability with a principal place of business of 1920 Broadway, Ste. 205, Oakland, California 94612.

4. TLLC is a delinquent Colorado limited liability company with a principal place of business of 367 St. Marks Ave., Brooklyn, New York 11238. Its registered agent in the state of Colorado is Colorado Registered Agent, LLC, 1500 North Grant Street, Suite C, Denver, Colorado 80203.

5. Upon information and belief, Wenhui is the sole member of TLLC. Upon information and belief, Wenhui is an individual whose last known address is 1942 Broadway Street, Ste. 314C, Boulder, Colorado 80302. Wenhui wrongfully incorporated TLLC.

6. Jurisdiction is proper in this court under 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338(a) and (b); and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Venue is proper in this court and in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this direction, as well as under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district; and the injunctive relief requested herein also would occur within the state of Colorado.

8. All conditions precedent to filing suit have been satisfied.

## GENERAL ALLEGATIONS

9. Turnitin incorporates by reference and realleges all prior allegations as though set forth fully herein.

**Turnitin's Operations and Trademark**

10. Turnitin has served the global education community since 1998 by developing technology that promotes honesty, consistency, and integrity across all areas of education and academic research.

11. Turnitin's proprietary and cutting-edge technology provides a broad range of educational services to its clients. For example, it enables faculty members to receive and grade student work on-line, receive instant statistical analyses of student work, quickly and accurately detect plagiarism. Turnitin also provides a platform for universities and regulatory bodies to administer exams online.

12. Turnitin has clients across the United States and worldwide.

13. On March 3, 2003, Turnitin applied to the United States Patent and Trademark Office to trademark "TURNITIN" as a service mark (the "Turnitin Mark"). *See* Exhibit A, Its application was granted and registered as of February 10, 2004, and the Turnitin Mark was assigned Registration Number 2812598. *Id.*

14. Plaintiff is the sole owner of the Turnitin Mark.

15. The Turnitin Mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16. Plaintiff has used the Turnitin Mark in commerce throughout the United States continuously since at least March 2003 in connection with the offering for sale, sale, marketing, advertising, and promotion of Educational services, namely providing on-line grading; statistical analysis; plagiarism detection; peer review; class assignment, submission and retrieval; and class information services accessible through the internet or through an intranet (the "Turnitin Goods

and Services"). Attached as Exhibit B are samples of press releases advertising Plaintiff's use of the Turnitin Mark in connection with the Turnitin Goods and Services.

17. As a result of Plaintiff's widespread, continuous, and exclusive use of the Turnitin Mark to identify the Turnitin Goods and Services and Plaintiff as its source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Turnitin Mark, including the exclusive right to use the Turnitin name.

18. The Turnitin Mark is distinctive to both the consuming public and Plaintiff's trade.

19. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the Turnitin Goods and Services sold under the Turnitin Mark, including through Plaintiff's marketing, advertising, and promotional efforts and channels for goods or services sold under the Turnitin Mark. During the period of January 1, 2023, to the present, Turnitin has expended over ten million dollars on the marketing, advertising, and promotion of the Turnitin Goods and Services sold under the Turnitin Mark.

20. Plaintiff provides and sells the Turnitin Goods and Services under the Turnitin Mark through sales directly to customers interested in the Turnitin Goods and Services.

21. As a result of Plaintiff's efforts and expenditures, the Turnitin Mark has come to signify the high quality of the Turnitin Goods and Services designated by the Turnitin Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

22. As a result of its distinctiveness and widespread use and promotion throughout the United States, the Turnitin Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and became famous prior to the bad acts of the Defendants alleged herein.

**Defendants TLLC and Wenhui**

23. On December 11, 2023, Wenhui incorporated TLLC with the Colorado Secretary of State. *See* Exhibit C.

24. Wenhui is not affiliated with Plaintiff in any capacity.

25. TLLC is not authorized to use the name "Turnitin" in any capacity.

26. Pursuant to the Limited Liability Act, an individual registering a limited liability company in the state of Colorado, the individual must swear under penalty of perjury the accuracy of the filing.

27. Upon information and belief, at the time Wenhui incorporated TLLC with the Colorado Secretary of State, Defendants had knowledge Plaintiff was the exclusive owner of the Turnitin Mark and that Plaintiff was using the Turnitin Mark throughout the United States.

28. Upon information and belief, all other owners or members of TLLC, whether known or unknown, also had knowledge Plaintiff was the exclusive owner of the Turnitin Mark and that Plaintiff was using the Turnitin Mark throughout the United States.

29. Upon information and belief, Defendants had knowledge they were not authorized to use the Turnitin Mark, nor were they authorized to register "Turnitin LLC" with the Secretary of State.

30. Despite being aware that Plaintiff was exclusively permitted to use the name "Turnitin", Defendants still registered TLLC with the Colorado Secretary of State.

31. Wenhui made a knowingly false statement to the Colorado Secretary of State when incorporating TLLC.

32. Without Plaintiff's authorization, and upon information and belief, beginning well after Plaintiff acquired protectable and exclusive rights in the Turnitin Mark, Defendants adopted and began using a mark identical to the Turnitin Mark (the "Infringing Mark").

33. The Infringing Mark adopted and used by Defendants is identical to the Turnitin Mark owned by Plaintiff.

34. By maintaining registration with the Colorado Secretary of State, TLLC continues to infringe on the Turnitin Mark and divert possible business from Plaintiff.

35. TLLC does not appear to have operated within the state of Colorado, but instead upon information and belief, was set up to prevent Plaintiff from operating within the State of Colorado.

36. On March 1, 2025, TLLC was designated as "noncompliant" with the Colorado Secretary of State for failure to file its 2025 Periodic Report.

37. On May 1, 2025, TLLC was designated as "delinquent" with the Colorado Secretary of State for failure to file its 2025 Periodic Report.

**Plaintiff's Requests to TLLC and Wenhui to Cease and Desist Were Ignored**

38. On November 13, 2024, Plaintiff served TLLC's registered agent with a cease and desist letter, immediately requesting it withdraw its registration with the Colorado Secretary of State.  A true and correct copy of the correspondence and proof of service are attached as Exhibit D.

39. On November 13, 2024, Plaintiff served Wenhui with a copy of an identical cease and desist letter.  A true and correct copy of the correspondence and proof of service are attached as Exhibit E.

40. To date, neither TLLC nor Wenhui responded to Plaintiff's request to cease and desist and, after reasonable inquiry, as no evidence Defendants have complied with the demands set out in Plaintiff's cease and desist letter.

41. Defendants' infringing acts have caused, and are likely to continue to cause, confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's business and have and are likely to deceive the relevant consuming public into believing, mistakenly, that TLLC originates from, are associated or affiliated with, or otherwise authorized by Plaintiff.

42. Defendants' infringing acts as alleged herein have resulted in actual confusion.

43. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff and the Turnitin Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff.

44. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Federal Service Mark Infringement (Against All Defendants)

45. Plaintiff incorporates by reference and realleges all prior allegations as though set forth fully herein.

46. The Turnitin Mark is a valid, protectable trademark.

47. Plaintiff is the sole owner of the Turnitin Mark.

48. Plaintiff has not licensed the Turnitin Mark to any person, including but not limited to Defendants.

49. Defendants used the Turnitin mark when they registered a domestic limited liability company named "Turnitin LLC" with the Colorado Secretary of State and by continuing to maintain TLLC's registration with the SOS.

50. Defendants used the Turnitin Mark without the consent of Turnitin in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of services.

51. Defendants' unauthorized use in commerce of the Turnitin Mark as alleged herein is likely to cause consumers to believe, contrary to fact, that Defendants' are authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

52. Defendants' conduct constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Turnitin Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

54. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

55. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition (Against All Defendants)

56.  Plaintiff incorporates by reference and realleges all prior allegations as though set forth fully herein.

57.  Defendants' unauthorized use in commerce of the Turnitin Mark is likely to cause consumers to believe, contrary to fact, that TLLC is in some way affiliated with or sponsored by Plaintiff.

58.  Defendants' unauthorized use in commerce of the Turnitin Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

59.  Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of TLLC with Plaintiff.

60.  Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.  Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

62.  Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

### Federal Unfair Competition (Against All Defendants)

63.Plaintiff incorporates by reference and realleges all prior allegations as though set forth fully herein.

64.The Turnitin Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65.The Turnitin Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

66.Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of the Turnitin Mark.

67.Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the Turnitin Mark by undermining and damaging the valuable goodwill associated therewith that belongs exclusively to Plaintiff.

68.Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

69.Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

### Violations of Colorado Consumer Protection Act (Against All Defendants)

70. Plaintiff incorporates by reference and realleges all prior allegations as though set forth fully herein.

71. In the course of Defendants' business, vocation, or occupation, Defendants knowingly and recklessly passed of Plaintiff's property, the Turnitin Mark, as its own when they registered TLLC with the Colorado Secretary of State.

72. In the course of Defendants' business, vocation, or occupation, Defendants knowingly and recklessly made a false representation as to the sponsorship, approval, or certification of Plaintiff's property, the Turnitin Mark, when they registered TLLC with the Colorado Secretary of State.

73. In the course of Defendants' business, vocation, or occupation, Defendants knowingly and recklessly made a false representation as to the affiliation, connection, or association with Plaintiff and the Turnitin Mark when they registered TLLC with the Colorado Secretary of State.

74. In the course of Defendants' business, vocation, or occupation, Defendants knowingly disparaged the services and goods of Plaintiff by registering TLLC with the Colorado Secretary of State in a false and misleading manner.

75. Defendants' actions significantly impacted the public as actual or potential customers of Plaintiff's goods and services within the state of Colorado.

76. Plaintiff's business was injured in the course of Defendants' deceptive acts, and it sustained actual damages.

77. Defendants' acts as alleged herein are intentional and willful, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

78. Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF

### Fraud (Against All Defendants)

79. Plaintiff incorporates by reference and realleges all prior allegations as though set forth fully herein.

80. Defendants made a false representation when it certified, under penalty of perjury, that it was authorized to incorporate TLLC with the Colorado Secretary of State and that such incorporation would not violate any law.

81. Defendants' false representation was material.

82. Defendants were aware they did not have authorization to incorporate TLLC and that such incorporation would violate the Turnitin Mark.

83. Defendants were aware the Colorado Secretary of State, and the public, did not know the representation as false.

84. Defendants made this misrepresentation with the express intention that the Colorado Secretary of State, the public, and potential customers of Plaintiff would rely on the representation.

85. These individuals, including Plaintiff, relied on this representation.

86. This reliance was justified.

87. This reliance caused damages and losses to Plaintiff, including, but not limited to, loss of business opportunity in the state of Colorado and attorneys' fees.

88. Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Turnitin prays for judgment against Defendants Turnitin, LLC, a Colorado limited liability company, and Liu Wenhui, jointly and severally, in accordance with this Complaint, including for the following relief:

i. Permanent injunctive relief dissolving TLLC with the Colorado Secretary of State;

ii. compensatory damages in an amount to be proven at trial;

iii. prejudgment interest accruing at the statutory rate as of the date this action accrued, and compounding annually from the date this Complaint is filed to the date judgment is entered;

iv. post-judgment interest accruing at the statutory rate and compounding annually from the date judgment is entered through the date the judgment is satisfied in full;

v. all other attorneys' fees and costs otherwise allowable by law; and such other relief as the Court deems just and proper.

Dated: October 27, 2025

*s/ Melissa L. Cizmorris*
Melissa L. Cizmorris
**AKERMAN LLP**
1900 Sixteenth Street, Ste. 950
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
E-mail: melissa.cizmorris@akerman.com